J-S54045-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| E.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.P. | : | No. 732 WDA 2018 |

Appeal from the Order Entered May 21, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): FD-06-007260-008

BEFORE: PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: FILED SEPTEMBER 12, 2018

E.P. (Father) appeals from the order denying his petition to change school district enrollment of his minor son, J.P. (Child). After careful review, we conclude that Father's failure to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal has resulted in the waiver of his issues, and accordingly, we affirm.

Father and Mother were married in November 1994 and resided in Allegheny County, Pennsylvania. See Divorce Compl., 2/10/06, at ¶ 4. Child was born in January 2004. Id. at ¶ 18. Mother filed a complaint in divorce on February 10, 2006; the decree in divorce was entered on November 21, 2006. See Decree, 11/21/06, at 1. Mother and Father have been litigating matters regarding Child's support and custody since that time. See Trial Court Opinion, 6/28/18, at 1-2. The parties entered into a consent custody order in 2014, and exercise shared custody of Child on a 5-2-2-5 schedule. Id. at 3.

Through eighth grade, Child attended a private Catholic school located in Montour School District, where Mother resides. Id. The Catholic school does not go beyond eighth grade, and Child and many of his peers will transition to the local public high school for the 2018-2019 school year. Id. Child already has ties to the District because he plays sports for a Montour school team. Id.

In October 2017, Father filed a motion requesting that Child live with him full time and attend the Quaker Valley School District, where Father resides. Id. The court directed Father to file a petition to modify custody, and he did so in November 2017. Id. In May 2018, the court convened a two-hour hearing on the issue of school choice only. Id. At the conclusion of testimony, the court determined that Mother was the appropriate parent to make the choice regarding Child's high school enrollment. Id. The court specifically noted that Child remaining with Mother would provide him with stability and continuity, and that Mother was more likely to provide Child with necessary academic assistance and counseling. Id.

On May 21, 2018, Father pro se filed a timely notice of appeal without an accompanying Pa.R.A.P. 1925(b) statement of errors complained of on appeal. See Pa.R.A.P. 905(a)(2) (noting that if the appeal is a children's fast track appeal the concise statement shall be filed with the notice of appeal and served in accordance with Pa.R.A.P. 1925(b)(1)). That same day, the court entered an order directing Father to immediately file a concise statement of errors complained of on appeal with the court and serve copies on Mother and

- 2 -

the court. See Pa.R.A.P. 1925(b) Order, 5/21/18, at 1. The order cautioned Father that any issue not properly included in a timely filed and served concise statement would be deemed waived. Id. Our review of the certified record indicates that Father never filed a Rule 1925(b) statement with the trial court.

Where a trial court orders an appellant to file a Pa.R.A.P. 1925(b) statement, the Appellant must comply in a timely manner. See In re K.T.E.L., 983 A.2d 745 (Pa. Super. 2009) (finding that the appellant's failure to simultaneously file a Rule 1925(b) Statement did not result in waiver of all issues for appeal where the appellant later filed the Statement, and there was no allegation of prejudice from the late filing); cf. J.P. v. S.P., 991 A.2d 904 (Pa. Super. 2010) (finding that the appellant waived issues for appeal by failing to comply with the trial court's order directing her to file a Rule 1925(b) Statement within twenty-one days). Failure to comply with a Rule 1925(b) order will result in waiver of all issues raised on appeal, even if the trial judge subsequently addressed such issues in an opinion. Id.; see also Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc., 88 A.3d 222, 225 (Pa. Super. 2014).

Here, the record reflects that the trial court issued an order requiring Father to submit a Rule 1925(b) statement in compliance with Pa.R.A.P. 1925(b) and Pa.R.A.P. 905, and that Father failed to file such a statement. Also, Father has not filed an application with this Court pursuant to Rule 1925(c)(2) requesting that we remand to the trial court for the filing of a Pa.R.A.P. 1925(b) statement nunc pro tunc. Finally, we note that although

Father is representing himself pro se, pro se status confers no special benefit upon an appellant.  Wilkins v. Marsico, 903 A.2d 1281, 1284–85 (Pa. Super. 2006), appeal denied, 918 A.2d 747 (Pa. 2007).

In sum, due to Father's failure to file a Rule 1925(b) statement, we conclude that he has failed to preserve any issues for review.  We therefore affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/12/2018